UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE McDERMOTT INTERNATIONAL,   )   Master File No. 4:13-cv-2393
INC. SECURITIES LITIGATION       )
                                 )

JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Lead Plaintiff PAMCAH-UA Local 675 Pension Fund and Defendants McDermott International, Inc., Stephen M. Johnson and Perry L. Elders (collectively, "Defendants") respectfully submit this Joint Discovery/Case Management Plan for the Initial Pretrial Conference to be held on January 28, 2014 at 8:45 a.m.

1.  **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    **Answer:**

    The parties exchanged drafts and the Rule 26(f) meeting was held via telephonic conference on January 17, 2014 at 10:52 a.m., with the following attorneys participating:

    Andrew M. Edison for Plaintiffs.

    Danny David for Defendants.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    **Answer:**

    None.

3.  **Briefly describe what the case is about.**

    **Answer:**

    This putative class action is brought on behalf of purchasers of McDermott International, Inc. stock between November 6, 2012 and August 5, 2013 (the "Class Period") seeking remedies under Section 10(b), SEC Rule 10b-5 thereunder, and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with certain representations made by Defendants. Defendants deny Plaintiffs' claims.

4. **Specify the allegation of federal jurisdiction.**

   **Answer:**

   Federal subject matter jurisdiction is conferred by Section 27 of the Exchange Act (15 U.S.C. §78aa).

5. **Name the parties who disagree and the reasons.**

   **Answer:**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   **Answer:**

   Additional parties, if any, will be added when an amended complaint is filed.

7. **List anticipated interventions.**

   **Answer:**

   None.

8. **Describe class-action issues.**

   **Answer:**

   Plaintiffs have filed suit on behalf of a putative class of purchasers of McDermott International, Inc. stock.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   **Answer:**

   Because discovery is stayed pursuant to the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), the parties have not made any initial disclosures and agree that initial disclosures are premature at this point.

10. **Describe the proposed agreed discovery plan, including:**

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C. When and to whom the defendant anticipates it may send interrogatories.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    E. Of whom and by when the defendant anticipates taking oral depositions.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    **Answer:**

Because discovery is stayed pursuant to the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), the parties agree that a proposed joint discovery plan is premature at this point. The Court has entered a scheduling order for Plaintiffs to file an amended complaint and for Defendants to file a motion to dismiss. If Plaintiffs' amended complaint is sustained by the Court, the parties further agree that they shall promptly update this Joint Discovery Case Management.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **Answer:**

    The parties are in agreement with respect to the response to Paragraph 10.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **Answer:**

    None.

13. **State the date the planned discovery can be reasonably completed.**

    **Answer:**

    Please see the parties' response to Paragraph 10.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

**Answer:**

The parties have not yet discussed settlement.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **Answer:**

    Mediation may be appropriate, if necessary, after Defendants' motion to dismiss is considered and resolved.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **Answer:**

    The parties do not agree to trial before a magistrate judge.

17. **State whether a jury demand has been made and if was made on time.**

    **Answer:**

    Plaintiffs timely demanded a jury trial with the filing of the Class Action Complaint.

18. **Specify the number of hours it will take to present the evidence in this case.**

    **Answer:**

    Plaintiffs' position: Plaintiffs estimate that it will take approximately 4 weeks to try this case at trial.

    Defendants' position: A trial is inappropriate because Plaintiffs cannot establish the elements of their securities fraud claims and, as such, the claims should be dismissed. For this reason, Defendants are not in a position to make an estimate at this time on the number of hours it would take to present evidence at trial.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **Answer:**

    None.

20. **List other motions pending.**

    **Answer:**

None.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

    **Answer:**

    None.

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    **Answer:**

    Plaintiffs filed their Disclosure of Interested Persons on January 17, 2014.  Defendants filed their Disclosure of Interested Persons on December 31, 2013.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **Answer:**

    *For Plaintiffs:*

    **EDISON, MCDOWELL & HETHERINGTON, LLP**
    Andrew M. Edison
    S.D. Tex. Bar No. 18207
    Phoenix Tower
    3200 Southwest Freeway, Suite 2100
    Houston, Texas  77027
    Telephone:  (713) 337-5581
    *Liaison Counsel*

    **ROBBINS GELLER RUDMAN & DOWD LLP**
    Darren J. Robbins
    Jonah H. Goldstein
    Ashley M. Robinson
    655 West Broadway, Suite 1900
    San Diego, California  92101
    Telephone:  (619) 231-1058
    *Lead Counsel*

*For Defendants:*

**BAKER BOTTS L.L.P.**
David D. Sterling
State Bar No. 19170000
S.D. Tex. Bar No. 07079
Danny David
State Bar No. 24028267
Paige S. Goodwin
State Bar. No. 24069808
S.D. Tex. Bar No. 1066399
One Shell Plaza
910 Louisiana St.
Houston, TX  77002
Telephone:  (713) 229-1234
***Counsel for Defendants***

| | |
|---|---|
| */s/ Andrew M. Edison*_____ | January 17, 2014 |
| Counsel for Lead Plaintiff | Date |
| | |
| */s/David D. Sterling*_____ | January 17, 2014 |
| Counsel for Defendants | Date |